IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH MALLARD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LABORERS INTERNATIONAL | : | NO. 13-774 |
| UNION OF NORTH AMERICA | : | |
| LOCAL UNION 57 | : | |

MEMORANDUM

Padova, J.                                                    June 6, 2013

Plaintiff Kenneth Mallard brings this action for breach of the duty of fair representation against Defendant Laborers International Union of North America Local Union 57 ("LUINA"). Presently before the Court is Defendant's Motion to Dismiss. For the reasons that follow, we deny the Motion.

I.     BACKGROUND

The Complaint alleges the following facts. Plaintiff is a member of LIUNA. (Compl. ¶ 3.) From November 1, 2007, through May 22, 2009, Plaintiff was employed by Westminster Cemetery as a general laborer. (Id. ¶¶ 4-5.) On May 22, 2009, while working for Westminster Cemetery, Plaintiff attended an informal introductory meeting with Greg Gillinger, a new superintendent at Westminster Cemetery. (Id. ¶ 7.) At the meeting, Gillinger explained his expectations of his employees and inquired whether anyone objected to those expectations. (Id. ¶ 8.) No employees objected, and Plaintiff, mistakenly believing that the meeting was over, left the meeting. (Id. ¶ 9.) Gillinger then had to "go after" Plaintiff to make sure that he knew his work assignment for the day. (Id.)

Later that day, Plaintiff was summoned to a meeting with the general manager of Westminster Cemetery, Blank Nofer, and LIUNA's shop steward, Joe Sadowniczak. (Id. ¶ 10.)

At that meeting, Nofer informed Plaintiff that his earlier action of leaving Gillinger's meeting constituted insubordination, and immediately terminated Plaintiff's employment with Westminster Cemetery. (Id.) Nofer then informed Esteban Vera, LIUNA's field representative at Westminster Cemetery, of his decision to terminate Plaintiff. (Id. ¶ 11.)

LIUNA decided to file a grievance with Westminster Cemetery on Plaintiff's behalf. (Id. ¶ 13.) LIUNA's Collective Bargaining Agreement (the "CBA") contains a three-step process governing the filing of a grievance, the final step of which is arbitration. (Id. ¶ 14.) Vera informed Plaintiff that LIUNA could not prevail on Plaintiff's grievance at arbitration, but also informed him that the decision to request arbitration would be made by LIUNA's business manager, Richard McCurdy. (Id.) Under the CBA, LIUNA had to request arbitration by June 12, 2009, but Vera never informed Plaintiff of that time limitation. (Id. ¶¶ 14, 18.) LIUNA did not request arbitration on Plaintiff's behalf, because McCurdy believed that Plaintiff "didn't care about his employment with Westminster Cemetery." (Id. ¶ 15.)

Sometime thereafter, Plaintiff telephoned McCurdy and scheduled a meeting for June 25, 2009. (Id. ¶ 17.) On June 1, 2010, Plaintiff filed charges against LIUNA and the matter was heard before an Independent Hearing Officer ("IHO") who found that LIUNA and McCurdy breached their duty of fair representation to Plaintiff. (Id. ¶ 19.) LIUNA and McCurdy appealed the IHO's decision to the Laborers' International Union of North America Appellate Officer (the "Appellate Officer"). (Id. ¶ 20.) On September 21, 2012, the Appellate Officer reversed the Independent Hearing Officer's decision. (Id. ¶ 21.) Plaintiff filed the instant Complaint on December 20, 2012, asserting one claim against LIUNA for breach of the duty of fair representation. LIUNA has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. DelRio-Mocci v. Connolly Props., Inc., 672 F.3d 241, 245 (3d Cir. 2012) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The complaint must contain "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'" Warren Gen Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative

level.'" West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 169 (3d Cir. 2013) (quoting Twombly, 550 U.S. at 555).

## III. DISCUSSION

Plaintiff has asserted a claim against LIUNA for breach of the duty of fair representation. A claim for breach of the duty of fair representation typically includes "allegations of unfair, arbitrary, or discriminatory treatment of workers by unions." DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 170 (1983) (citation omitted). One way in which a union fails to satisfy its duty of fair representation is by "'arbitrarily ignor[ing] a meritorious grievance or process[ing] it in a perfunctory fashion.'" Cromwell v. United Steel Workers of America, 423 F. App'x 213, 218 (3d Cir. 2011) (quoting Vaca v. Sipes, 386 U.S. 171, 191 (1967)). To state a claim for breach of the duty of fair representation, the Complaint must allege that LIUNA's conduct towards Plaintiff was "'arbitrary, discriminatory, or in bad faith.'" Id. (quoting Hendricks v. Edgewater Steel Co., 898 F.2d 385, 388 (3d Cir. 1990).

Defendant argues that we should dismiss the Complaint for failure to state a claim upon which relief may be granted because Plaintiff's claim is barred by the statute of limitations. "It is well settled that a claim of breach of the duty of fair representation is subject to a six-month statute of limitations period." Marcus v. Dolan, Civ. A. No. 08-2181, 2008 WL 3822353, at *3 (D.N.J. Aug. 12, 2008) (citing Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 305 (3d Cir. 2004)); see Williams v. District 1199C, Civ. A. No. 99-1425, 1999 WL 391572, at *3 (E.D. Pa. June 15, 1999) (concluding that "the six month statute of limitations . . . applies in a duty of fair representation case brought against a labor union").

Generally, the statute of limitations is not an appropriate ground for a motion to dismiss brought pursuant to Rule 12(b)(6), and "'an exception is made only where the complaint facially

shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'" Budzash v. Howell Twp., 451 F. App'x 106, 109 (3d Cir. 2011) (quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994)). "Statute of limitations issues normally implicate factual questions . . . therefore, a defendant bears a heavy burden in seeking to establish as a matter of law that the challenged claims are barred." Bionix Dev. Corp. v. Sklar Corp., Civ. A. No. 07-4465, 2009 WL 3353154, at *5 (E.D. Pa. Oct. 14, 2009) (citing Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 498 (3d Cir. 1985)).

The United States Court of Appeals for the Third Circuit has explained that, in the context of a claim for breach of the duty of fair representation, "[t]he six-month [statute of limitations] period commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" Vadino v. A. Valey Eng'rs, 903 F.2d 253, 260 (3d Cir. 1990) (quoting Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986)). "In a claim charging failure to vigorously prosecute a grievance, this period commences 'when the plaintiff receives notice that the union will proceed no further with the grievance.'" Pagano v. Bell Atlantic-New Jersey, Inc., 988 F. Supp. 841, 845 (D.N.J. 1997) (quoting Hersh, 789 F.2d at 232); see also Vadino, 903 F.2d at 260 (same). LIUNA argues that the statute of limitations ran prior to the filing of the Complaint in this case because Plaintiff did not file the instant action until December 20, 2012, more than three years after Plaintiff knew or should have known that LIUNA declined to request arbitration of his grievance. Plaintiff maintains that this action was timely filed because the statute of limitations did not begin to run until he received a final decision from the Appellate Officer.

5

"It is clear as a matter of law . . . that the statute of limitations [for a claim of breach of the duty of fair representation] does not begin to run while the union member undertakes to exhaust internal union appeal procedures." Lewis v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., Local Union No. 771, 826 F.2d 1310, 1317 (3d Cir. 1987); see Bullock v. Dressel, 435 F.3d 294, 299 (3d Cir. 2006) (recognizing that "a plaintiff must exhaust his or her internal union remedies before bringing a claim against a union for breach of the duty of fair representation" (citing Goclowski v. Penn Ctr. Transp. Co., 571 F.2d 747, 757 (3d Cir. 1977)); see also Bensel, 387 F.3d at 305 (noting that the limitations period begins running "when 'the futility of further union appeals becomes apparent or should have become apparent.'" (quoting Scott v. Local 863, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, & Helpers of Am., 725 F.2d 226, 229 (3d Cir. 1984))).

The Complaint alleges that Plaintiff filed internal union charges against LIUNA on June 1, 2010, asserting that LIUNA and McCurdy breached the duty of fair representation owed to him. (Compl. ¶ 19.) Those charges were resolved by the IHO in Plaintiff's favor. (Id.) LIUNA and McCurdy then appealed the IHO's decision to the Appellate Officer, who reversed the IHO's decision on September 21, 2012. (Id. ¶¶ 20-21.) On December 20, 2012, Plaintiff filed the instant Complaint, and, consequently, it appears from the facts alleged in the Complaint that Plaintiff filed the Complaint about three months after he received a final adverse internal union decision from the LIUNA Appellate Officer. The Complaint thus alleges facts that, if true, would establish that the Plaintiff filed the Complaint within the six-month statute of limitations that ran after Plaintiff "exhaust[ed] [his] internal union appeal procedures" by receiving a final

decision from the Appellate Officer. Lewis, 826 F.2d at 1317.[1] To bar Plaintiff from "seeking judicial relief when [he] followed a legitimate method of resolving the dispute within the union would subvert the national labor policy of encouraging workers to pursue internal union remedies while ensuring them a judicial forum in which to resolve disputes." Bullock, 435 F.3d at 299-300 (quotation omitted).

We conclude, therefore, that LIUNA has failed to satisfy its "heavy burden" by demonstrating that the Complaint "'facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading.'"[2] Budzash, 451 F.

---

[1] LIUNA construes Plaintiff's Response as invoking the "equitable tolling" exception to the statute of limitations, and contends that Plaintiff has not established the appropriate grounds to invoke equitable tolling. However, because we conclude that the Complaint adequately alleges that Plaintiff complied with the statute of limitations in filing this action, we need not address the equitable tolling exception to the statute of limitations.

[2] LIUNA relies on the IHO's Order and Memorandum, the LIUNA Constitution, and the LIUNA Ethical Practices Code, to establish that the internal LIUNA remedies that Plaintiff sought could not offer him complete relief, thereby making his pursuit of an internal union remedy futile. LIUNA argues that, because any such internal union remedy would have been futile, Plaintiff's internal union proceedings did not toll the statute of limitations. Those documents are not attached to the Complaint, but rather are attached LIUNA's Motion.

We may consider extrinsic exhibits on a motion to dismiss if the exhibits are "referred to in the plaintiff's complaint and are central to the claim," Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002) (quotation omitted), that is, if the exhibits are "integral to or explicitly relied upon in the complaint." Jones v. Middletown Twp., 253 F. App'x 184, 187 (3d Cir. 2007) (citation omitted). The IHO Order and Memorandum appears to be an administrative decision of an intra-union judicial body in which the IHO opined on the validity of Plaintiff's claim against LIUNA. The Union Constitution and the Ethical Practices Code are not mentioned in the Complaint. We decline to consider those documents in connection with the instant Motion, because they do not form any of the factual basis for Plaintiff's allegations as set forth in the Complaint, and thus are neither "central to" nor "integral to" Plaintiff's claim that LIUNA breached its duty of fair representation to Plaintiff. See Miller v. Clinton Cnty., 544 F.3d 542, 550 (3d Cir. 2008) (permitting consideration of a letter attached to a motion to dismiss on the grounds that the plaintiff's claim was "indisputably based [only] on" the statements made in that letter); Gross v. R.T. Reynolds, Inc., 487 F. App'x 711, 714 n.4 (3d Cir. 2012) (considering a contract attached to a motion to dismiss on the grounds that the terms of the contract "are integral to" the plaintiff's breach of contract claim).

App'x at 109 (quoting Oshiver, 38 F.3d at 1384 n.1). Accordingly, we deny the Motion to Dismiss as to LIUNA's argument that Plaintiff's claim is barred by the statute of limitations.

## IV.     CONCLUSION

For the foregoing reasons, we deny the Motion. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.