**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH MALLARD, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LABORERS INTERNATIONAL | : | |
| UNION OF NORTH AMERICA | : | No. 13-774 |
| LOCAL UNION 57, | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

**Timothy R. Rice**                                                                                    **July 28, 2014**
**U.S. Magistrate Judge**

  Plaintiff Kenneth Mallard, a former employee of Westminster Cemetery and member of

Laborers' International Union of North America Local Union 57 ("Local 57"), alleges that Local

57 breached its duty of fair representation by "not follow[ing] through with the grievance process

by requesting arbitration." Pl.'s Ans. (doc. 32) at ¶ 7; <u>see</u> Compl. (doc. 1-4). Local 57 seeks

summary judgment. Def.'s Br. (doc. 31) at 8-9. I grant its motion because Mallard has failed to

present any evidence to support his claim.

  Summary judgment is appropriate where "there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The

evidence and any inferences from the evidence must be viewed in the light most favorable to the

non-moving party. <u>See</u> <u>Ray v. Warren</u>, 626 F.2d 170, 173 (3d Cir. 2010). If reasonable minds

could conclude that there are sufficient facts to support a plaintiff's claims, summary judgment

should be denied. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

A. Material Undisputed Facts

Mallard was employed at Westminster Cemetery from November 2007 until his termination on May 22, 2009 for insubordination.[1]  Def.'s Facts at ¶ 4; Pl.'s Facts at ¶ 4.  Local 57 initiated a grievance on Mallard's behalf based on the termination.  Def.'s Facts at ¶ 7; Pl.'s Facts at ¶ 7.

Local 57's Collective Bargaining Agreement has a three-step grievance process: (1) the union steward and employee meet with the superintendent; (2) if not resolved, the union business representative meets with the general manager; and (3) if still not resolved, within 10 days of step two, the matter may be referred to arbitration.  Def.'s Ex. J, CBA Articles XII and XIII at 13.  Pursuant to that procedure, a Local 57 representative, Esteban Vera, met with Westminster's general manager to discuss Mallard's grievance.[2]  Def.'s Facts at ¶ 28; Pl.'s Br. at 25-32 (quoting Compl.); Mallard's Dep. at 39-40.  Westminster denied the grievance and refused to permit Mallard to return to work.  Def.'s Facts at ¶ 29; Pl.'s Facts at 25-32 (citing Compl.).  Vera told Mallard that Westminster would not change its termination decision and Local 57's business manager, Richard McCurdy, would decide whether to request arbitration, but Local 57 would not win at arbitration.  Pl.'s Facts at ¶¶ 23-24; Mallard Dep. at 39-40.  Mallard claims Vera did not tell him about the 10-day time requirement to request arbitration.  Pl.'s Br. at ¶¶ 21-22; see

---

[1]     Mallard also had numerous previous write-ups, including: (1) a June 2008 violation of the 24-hour notice requirement, Def.'s Ex. B, Mallard's Dep. (doc. 31-2) at 15-16; (2) a July 2008 violation for wearing an incorrect uniform, id. at 19; (3) an August 2008 violation for responding to an inquiry as to whether an assignment would be completed by stating "we'll see," id. at 20-21; (4) a January 2009 verbal warning for calling out, id. at 22-23, 25; and (5) a February 2009 verbal warning for insubordination, id. at 26-28.

[2]     Mallard testified at his deposition that he does not believe a grievance meeting occurred. Pl.'s Facts at ¶ 35.  In his brief, however, Mallard explained the crux of his claim is not that Local 57 failed to initiate the grievance process, but that it did not request arbitration.  Id. at ¶ 7.

Compl. at ¶ 14.  On June 25, 2009, Mallard met with McCurdy.  Def.'s Facts at ¶ 32; Pl.'s Facts at ¶¶ 7-88.  McCurdy did not request arbitration.  Def.'s Facts at ¶ 33; Pl.'s Facts at ¶¶ 7, 33.

Mallard filed this action, arguing Local 57's failure to demand arbitration was irrational, arbitrary, discriminatory, and in bad faith.[3]  See Pl.'s Br. at 25; Compl. at ¶ 16.

B.  Discussion

"[A] union breaches its duty of fair representation if its actions are either 'arbitrary, discriminatory, or in bad faith.'"  Air Line Pilots Ass'n Intern. v. O'Neill, 499 U.S. 65, 67 (1991) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)).  "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness.'"  Id. (quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 338 (1953)).  "[A] union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion, [but] the individual employee [does not have] an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement."  Vaca, 386 U.S. at 191.

---

[3]    On June 1, 2010, Mallard filed charges against Local 57 pursuant to its constitution.  An independent hearing officer found McCurdy breached his duty of fair representation to Mallard. Def.'s Facts at ¶¶ 42, 53; Pl.'s Facts at ¶ 42, 53.  Local 57 appealed, and on September 21, 2012, an appellate officer reversed, finding no constitutional violation or breach of duty.  Def.'s Facts at ¶¶ 54-55; Pl.'s Facts at ¶¶ 54-55.

Local 57 initially argued judicial deference must be given to the appellate officer's finding, unless "patently unreasonable."  Def.'s Br. at 1, 23-24.  "Courts typically defer to a union's interpretation of its own Constitution and will not override that interpretation unless it is 'patently unreasonable.'"  Exec. Bd. of Transp. Workers Union, 338 F.3d 166, 170 (3d Cir. 2003).  Mallard's case, however, raises an inherently factual issue of whether Local 57 arbitrarily decided not to request arbitration, rather than a "purely legal question of patent unreasonableness."  Local 334, United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipe Fitting Indus. of U.S. & Canada, AFL-CIO, 669 F.2d 129, 131 (3d Cir. 1982).  Thus, I will not defer to the appellate officer's finding.

"The duty of fair representation requires a union 'to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" Marquez v. Screen Actors Guild, 525 U.S. 33, 44 (1998) (quoting Vaca, 386 U.S. at 177)). "[P]roof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation," because an employee is "subject to the union's discretionary power to settle or even to abandon a grievance, so long as it does not act arbitrarily." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970). There is no "absolute right to force [a] collective bargaining agent to press [a] complaint all the way to the very end of the grievance procedures . . . ." Klimek v. Sunoco Partners LLC, No. 11-CV-01988, 2014 WL 2937926, at *16 (D.N.J. June 27, 2014) (quoting Bazarte, 429 F.2d at 872).

Mallard cites no evidence to support his claim that Local 57's decision not to request arbitration on his grievance was arbitrary, discriminatory, or in bad faith. Pl.'s Br. at 25. Local 57, however, has attached McCurdy's affidavit, in which he explained he did not request arbitration because: (1) the arbitrator generally would not reinstate a short-term, low-seniority employee, with a history of several disciplinary infractions, like Mallard; (2) union members are often reluctant to be witnesses in arbitration because "they rightfully fear retaliation by the employer;" (3) arbitration is expensive; and (4) he did not believe he would be representing Local 57 members' best interest if he spent funds on what he believed would be an unsuccessful arbitration. McCurdy Aff. at ¶ 4. McCurdy's reasons for not pursuing arbitration were reasonable, and Mallard has not presented any contrary evidence. See Air Line Pilots Ass'n Intern, 499 U.S. at 67. Mallard has no absolute right to arbitration. Vaca, 386 U.S. at 191;

Klimek, 2014 WL 2937926, at *16.  He cites no evidence showing any Local 57 representative wrongly sided with Westminster.  Pl.'s Br. at 25.

Mallard further claims Local 57's representatives failed to follow grievance protocol or properly inform him of his rights and the deadline for the grievance process.  See Pl.'s Br. at 23 (Vera did not request a "step one hearing with the employer," and instead "called the employer and said he would call back next week to set up an appointment.").  Based on the standard for determining whether a union breached its duty to represent a member, however, the evidence does not show that Local 57 ignored the process or acted arbitrarily, discriminatorily, or in bad faith.  See Air Line Pilots Ass'n Intern., 499 U.S. at 67; Vaca, 386 U.S. at 191.  Similarly, although there is some dispute as to whether Local 57 representatives discussed arbitration with him, Mallard fails to cite any evidence that the union had a duty to inform its members of the deadline for requesting arbitration.   Even assuming Local 57 negligently decided not to request arbitration, such evidence is insufficient to establish a breach of representation.  See Bazarte, 429 F.2d at 872.

Based on the undisputed facts, Mallard has failed to establish a fact finder could conclude Local 57 breached its duty to represent him by failing to request an arbitration.[4]  Summary judgment is granted and judgment is entered in favor of Local 57 and against Mallard.  The Clerk of Court is directed to close this case for statistical purposes.

An appropriate Order follows.

---

[4]    Local 57 also argues no reasonable jury would be able to rule in Mallard's favor due to the inconsistencies between Mallard's verified Complaint and deposition.  Def.'s Br. at 2, 36-45. Because I find Mallard failed to show Local 57 breached its duty to represent him, I need not address the alleged inconsistencies.  Moreover, although Local 57 claims Mallard raised a new claim during his deposition—no grievance meeting took place—he stated in his brief opposing Local 57's summary judgment motion that he was challenging only the failure to arbitrate.  See Pl.'s Facts at ¶ 7.  Moreover, Mallard cites only his Complaint for a factual recitation of the facts, even though he contradicted many of those facts in his deposition.